**Shan Song LIN, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 01–71444.

INS No. A73–570–009.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 19, 2002.

Before HUG, O'SCANNLAIN, and
TASHIMA, Circuit Judges.

MEMORANDUM **

Shan Song Lin, a native and citizen of
China, petitions for review of an order of
the Board of Immigration Appeals ("BIA")
dismissing his appeal from an Immigration
Judge's order denying his application for
asylum and withholding of deportation.
Because the transitional rules apply, *see
Kalaw v. INS*, 133 F.3d 1147, 1150 (9th
Cir.1997), we have jurisdiction under 8
U.S.C. § 1105a(a). We review for sub-
stantial evidence the BIA's determination
that an applicant has not established eligi-
bility for asylum, and we must uphold the
BIA's decision unless the evidence compels
a contrary result. *Singh v. INS*, 134 F.3d
962, 966 (9th Cir.1998). We deny the peti-
tion.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Lin testified that he was expelled from
high school and detained by police for five
days, without being physically harmed, be-
cause he posted handbills in support of the
anti-government movement. He also testi-
fied that he was asked to resign from his
job because he participated in a worker's
strike, and had difficulty finding another
job. Because this evidence does not com-
pel the conclusion that Lin was persecuted
or has a well-founded fear of persecution
on account of an enumerated ground, the
BIA's determination that Lin failed to es-
tablish eligibility for asylum is supported
by substantial evidence. *See Acewicz v.
INS*, 984 F.2d 1056, 1061–62 (9th Cir.
1993). It follows that he failed to meet the
more stringent standard for withholding of
deportation. *See id.* at 1062.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.